## HALLOCK *vs.* WOOLSEY.

In the *laying out of a road*, the commissioners of highways are not limited to the *route* specified in the application for the road; they may, in the exercise of a sound discretion, make such *variations* as they think proper.

The *departure*, however, from the route of the proposed highway must not be so great as to induce the belief that the preliminary proceedings have been wholly disregarded; the general course of the road must be preserved.

New-York, May, 1840.—Hallock v. Woolsey.

The doctrine of the last case in respect to the *sufficiency of the certificate* of the laying out of a road, and the right to amend, confirmed.

In an action for the recovery of the *damages* assessed to a party on the laying out of a road, and collected and paid over to the commissioners of highways, *parol evidence* that the damages were assessed for the road on a route *different* from that described in the order laying out the same, is inadmissible; even *want of jurisdiction* in the officers laying out the road cannot be shewn in such action.

[ *329 ]     *This was an action of *assumpsit*, tried at the Westchester circuit, in November, 1838, before the Hon. Charles H. Ruggles, one of the circuit judges.

The suit was brought to recover the sum of $300, assessed as the plaintiff's damages in the laying out of the road, the subject matter of the last preceding case of *Woolsey and others v. Tomkins and others*. The money was paid by the collector of taxes to the defendant, as one of the commissioners of highways of the town of Bedford, and he refused to pay it over to the plaintiff, on the ground that the proceedings in relation to the laying out of the road were *void*, and that consequently, the plaintiff was not entitled to the money. The plaintiff commenced his proofs by showing a notice from the commissioners of highways of Bedford, directed to him and others, dated 19th August, 1836, stating that a road had been laid through their improved lands, by two of the judges of Westchester, and requiring them to remove their fences. He then showed an assessment of his damages, the collection and the payment over to the defendant, and a demand of payment. The plaintiff rested, and the defendant moved for a nonsuit, on the following grounds: 1. That it had not been shewn that any road was in fact laid over the plaintiff's land; 2. Or if laid out, that it was laid out in conformity with the requirements of the statute; 3. That it had not been shewn that the damages were assessed for the land *where* the road was laid out; and 4. That it had not been shewn that the judges had duly obtained jurisdiction. The nonsuit was denied.

The defendant, in his defence, offered in evidence the *application* made by Hallock for a road, to show that the road, *as laid out*, did not conform to the description of the road applied for; and for the same purpose offered in evidence the *certificate* of the jury, as to the propriety and necessity of the road applied for; both of which offers were rejected. The defendant next offered to prove that the damages claimed were assessed on the route of a road different from the road laid out by the judges; to which of-
[ *330 ]     fer the circuit judge answered, that the fact might be shewn *by the verdict of the jury who assessed the damages, but that *parol* evidence for that purpose was inadmissible. The defendant then made the three following offers of evidence: 1. That when the *commissioners* discovered that the damages had been assessed for a road altogether different from that laid out by the judges, they notified the plaintiff not to remove his fences or open the road on the route for which the jury had assessed the dama-

ges; 2. That the judges laid out the road over the lands of *persons not named* in the application for the road, or in the certificate of the propriety and necessity of the road ; and, also, that the road was laid over the lands of persons *not notified* to appear before the commissioners or the judges; and 3. That the judges laid out the road on a route entirely different from that which was certified by the freeholders as proper and necessary, and which the commissioners refused to lay out; all which evidence was refused to be received. The defendant then gave in evidence an order of the judges laying out the road, described in the preceding case, as made in pursuance of the adjudication of 28th June, 1836, or as being the *first order*, and objected to its validity, on the ground that in it the road was not described *by routes and bounds, and by its courses and distance*. The judge held that in this action the validity of the order was not inquirable into. It was shewn that the description of the road in the above order and in the inquisition of the jury corresponded ; whereupon the defendant offered to show by *parol*, that the plaintiff's damages were assessed for a route of a road on his land different from that set forth in the inquisition ; which evidence was refused to be received. The defendant next produced in evidence the *instrument* mentioned in the next preceding case, as executed on *5th September*, 1837, and the direction to the town clerk accompanying the same, and then offered to prove by *parol*, that the damages of the plaintiff were assessed for a road in the route described in the said *instrument* or *order* last recorded, and that the routes of the road *as described in the two orders*, passed over the plaintiff's land *in distinct and different places;* which evidence was refused to be received. The defendant offering no *further evidence, the jury, under the direction of the judge,  [ *331 ] found a verdict for the plaintiff. The defendant moves for a new trial.

*M. T. Reynolds*, for the defendant.

*S. Stevens*, for the plaintiff.

*By the Court*, NELSON, Ch. J.   By the 1 *R. S.* 511, § 63, the person applying for a road shall cause notice in writing to be posted up at three public places in the town, specifying *as near as m aybe the route of the proposed highway*, and the several tracts of land through which it is proposed to be laid. § 65. The twelve freeholders, if of opinion that the highway is necessary and proper, must suscribe a certificate to that effect, which shall be delivered to the commissioners of highways. § 67. If the commissioners shall determine to lay out the road, they must make out a certificate, " *describing the road particularly by routes and bounds, and by its courses and distance*." § 95, *p.* 515. If the judges reverse the decision of the commissioners, refusing to lay out a road, they shall " lay out" the

road applied for in the *same manner* in which the commissioners are directed to proceed. It is apparent from these provisions, that the commissioners and judges are not bound down to any definite line of road ; and that they ma y,and indeed must exercise a reasonable discretion over the subject.

The route to be designated by the applicant is quite general, and was so intended by the statute ; the legislature doubtless acted upon the idea that the judgment of the commissioners would be better than his, and the public interest more likely to be consulted by allowing them some discretion. The applicant designates the general course desired ; the commissioners the particular route. Some discrepancy will be always likely to exist; indeed it would be difficult, at any time, to regard the former as much of a test by which to determine the correctness of the latter. The freeholders act upon the notice of the applicant and general description of the route [ *332 ] therein, and have no authority to locate *it with greater particularity. They determine whether *such highway* is " necessary and proper." § 65. The above views afford an answer to all the offers, in the course of the trial, to prove that the judges laid out the road on a route diferent from that described in the notice of the applicant and the certificate of the freeholders. We do not say but the departure of the judges or commissioners from the general route upon which they are called to act, may be so glaring and flagrant, as to warrant the court in holding that they have exceeded their jurisdiction ; but we are not to presume thus much from the mere offer to show a variation. The extravagance of the departure should be shewn, and to be of such charaacter that the court would be compelled to regard the proceeding in the same light, as if these officers had laid out the road in the absence of the preliminary steps requred by the statute.

The learned judge was also right in refusing *parol* evidence to shew that the route upon which the assessment of damages was made different from the route of the road laid out by the judges. The proposition conceded that no discrepancy in this respect appeared from the records of the two proceedings ; indeed, any such discrepancy was allowed to be shewn. The statute does not require the jury to specify the route in their verdict, with the particularity of the survey by the judges or commissioners. Any description which will designate it, and shew that the assessment was for damages thereon, is all that can be required. The court must then assume that the jury confined their examinations to the true line, and regard the verdict, as in other cases, conclusive until set aside. § 69, 70, 71, 72.

The order of the judges laying out the road was produced by the defendant with a view to shew it void, as not made in compliance with the statute, which requires that the road shall be described by " *routes and bounds, and by its courses and distance.*" The judges, after filing their order, amended it in this respect ; but I am of opinion the first order was well enough. It

fixed the two *termini*, and several intermediate points by routes and bounds, and throughout gave the courses and distance. It failed to give monuments at the termination *of each course ; nor was this im-   [ *333 ] portant for any necessary or useful purpose. There could be no difficulty in ascertaining the route from the survey as given in the order ; and if any clerical errors were committed in the first order, I do not perceive any objection to a correction of them by the judges ; certainly, the proceeding ought not to be rendered nugatory for any such mistake.

The defendant offered to prove by *parol*, that the plaintiff's damages were assessed on the route as described in the amended *order* of the judges, and that the same as appeared by an inspection of the two orders, passed over the land of the plaintiff in distinct and different places. The judge refused to receive the evidence, and the defendant now objects that in this he erred. One answer to this objection is that the first order was well enough, and may be regarded as conclusive in this collateral proceeding, until regularly vacated ; and we have before said, that parol evidence was inadmissible to prove that the assessment was on a different line. The judge offered to allow this if it could be shewn by producing the certificate of the verdict. Another is, that on a careful comparison of the two orders, the variation of the line, if any, must be trifling. The route, as is obvious, is substantially the same in both.

An objection was made when the plaintiff rested, that he should have proved the preliminary proceedings instead of beginning with the order from the commissioners to remove his fences, and procure the assessment of his damages. It seems to me that this objection ought not to be permitted from one of the commissioners after such an order and proof of the subsequent proceedings. It recited, and recognized the adjudication of the judges in laying out the road as the ground of the notice, which presupposed the regularity of the previous steps required by the statute. In my view, the proceedings, as spread out before us, fail to shew a case of serious *irregularity*, much less of *want of jurisdiction*, the only ground upon which a defence can be pretended to this action.

But I am inclined to think, that even if *want of jurisdiction* could have been shewn, it ought not to have been admitted *as a   [ *334 ] defence. The statute, after prescribing the mode of laying out roads, assessment of damages, approbation, and warrant of board of supervisors, and collection of the money, provides that it " shall be paid to the commissioners of highways of the town, *who shall pay to the owner the sum assessed* to him," &c. It appears to me no discretion was left ; the sum was assessed and levied expressly for " the owner," and received by the commissioners as his money. I do not see why the collector might not as well refuse to pay the money to the commissioners, upon some supposed defect in the assessment, as the commissioners refuse to pay it to the owner.

These officers are the mere conduits through whom the money passes. If the owner cannot enforce the money out of their hands, who can?

New trial denied.